IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER WELTER,<br><br>Plaintiff,<br><br>v.<br><br>CORRECT CARE SOLUTIONS, JERRY BOYLE, JORGE DOMINICIS, PATRICK COMMISKEY, JUDDBAZZEL, MIKE HERBIK, MARCY DUDDY, DEAN RIEGER, JOHN HOCHBERG, RICH ELLERS, TINA MCCULLOUGH, LEILANI BOULWARE, STAN WOFFORD, JON BOSCH, KIM CHRISTIE, DEPARTMENT OF CORRECTIONS, SCI FAYETTE, JOHN WETZEL, JOSEPH SILVA, STEPHANIE WOOD, MARK CAPOZZA, DR. SAAVEDRA, and DEBRA HAWKINBERRY<br><br>Defendants. | Civil Action No. 19-415<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 16 |

## **MEMORANDUM ORDER**

Plaintiff Alexander Welter is a prisoner currently incarcerated at the State Correctional Institution Fayette ("SCI – Fayette"), and brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that all named Defendants have shown a deliberate indifference to Ms. Welter's medical needs and have failed to provide safe and gender appropriate housing. ECF No. 3. Pending now before the Court is Plaintiff's second Motion for Preliminary Injunction, ECF No. 16, seeking an Order requiring various defendants, including the Pennsylvania Department of Corrections ("DOC"), to provide an independent medical evaluation of her gender dysphoria treatment to determine the medical necessity of gender confirmation surgery and permanent facial

hair removal. ECF No. 16 at 13. In addition, Plaintiff seeks an Order requiring an immediate transfer to a female prison facility. Id. The pending Motion mirrors identical allegations and requested relief in a prior Motion for Preliminary Injunction, filed just two months earlier. ECF No. 1-6.

Due to the serious nature of Plaintiff's allegations, this Court scheduled a Video Status Conference, which occurred on April 29, 2019. ECF No. 6. Plaintiff appeared by video and counsel for the Pennsylvania Department of Corrections ("DOC") entered a special appearance for purposes of the Motion. The Court reviewed Plaintiff's current status. ECF No. 7. Plaintiff stated that she was receiving medical treatment for her gender dysphoria in the form of hormonal therapy and was receiving mental health treatment, and indicated that she was feeling better. She indicated that she was not in physical danger due to her transgender status. DOC counsel informed the Court that Plaintiff was in the process of consideration for gender reassignment surgery and special housing with other similarly identifying transgender inmates, but the process had been halted due to Plaintiff's misconduct, including igniting a fire in her cell. Plaintiff conceded that she had started a fire in anger and that she understood the danger created to herself, and to inmates and staff at her facility.

The Court reviewed the strict standard for the issuance of a Preliminary Injunction, as well as DOC policy guidelines regarding gender reassignment and dysphoria. Plaintiff stated her understanding of the gender reassignment process and her willingness to adhere to the required steps for treatment. Based upon the information provided to the Court regarding Plaintiff's condition and the absence of any immediate danger or threats to Plaintiff's well-being, the Court denied Plaintiff's Motion for Preliminary Injunction. ECF No. 11.

The pending Motion for Preliminary Injunction does not provide any additional facts or arguments that were not previously considered by the Court in resolving the initial motion. ECF No. 16. As was previously explained to Plaintiff, to obtain the "extraordinary remedy" of a preliminary injunction, the moving party must establish: "(1) a likelihood of success on the merits; (2) that [she] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). Simply, Plaintiff has not presented facts or evidence that establish that she will suffer irreparable harm if the requested injunction is denied. Plaintiff does not allege that medical treatment for her gender dysphoria and/or assessment for gender reassignment has been terminated, nor does she allege that she is in obvious danger of physical harm that is not being adequately addressed by DOC officials. An appropriate Order follows.

## ORDER

This 13th day of September, 2019, upon consideration of Plaintiff's Motion for Preliminary Injunction, ECF No. 16, and the exhibits submitted to the Court in support thereof, IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction is denied.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF

Alexander Welter
NK8791
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450